# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-115-4-TLS-JPK |
| AHMARI MAHOLMES | |

## OPINION AND ORDER

Defendant Ahmari Maholmes pleaded guilty to Count 1 of the Indictment [ECF No. 1] charging him with wire fraud in violation of 18 U.S.C. § 1343. *See* Change of Plea Hearing, ECF No. 107. He is awaiting sentence. The United States Probation Office prepared a Presentence Investigation Report (PSR) [ECF No. 170] to which the Defendant has raised two objections. *See* Addendum to the PSR, ECF No. 171. The Government's response is contained in the Addendum to the PSR as well as in its Sentencing Memorandum [ECF No. 174]. At a telephonic sentencing status conference held on January 13, 2021, the Defendant represented that he does not request a hearing or additional briefing on the objections and that he is relying on his arguments set forth in the Addendum to the PSR. For the reasons set forth below, the Defendant's objection to the enhancement under U.S. Sentencing Guidelines § 2B1.1(b)(1)(C) in paragraph 30 is SUSTAINED and his objection to the enhancement under U.S. Sentencing Guidelines § 2B1.1(b)(10)(B) in paragraph 31 is OVERRULED.

## ANALYSIS

### A.     U.S. Sentencing Guidelines § 2B1.1(b)(1)

The applicable section of the Sentencing Guidelines for the conviction of wire fraud provides for a two-level enhancement when the total loss is more than $6,500 and for a four-level enhancement when the total loss is more than $15,000 up to a limit of $40,000. *See* U.S. Sentencing Guidelines § 2B1.1(b)(1)(B), (C) (U.S. Sentencing Comm'n 2018). In paragraph 30, the PSR provides for a four-level increase under § 2B1.1(b)(1)(C) based on ten fraudulent

transactions by the Defendant that resulted in a loss of $29,783.03. The Defendant objects to the four-level enhancement on the basis that his provable loss is $14,201.38. He argues that there is no evidence that he knew of, participated in, or was aware of the losses above $14,201.38 or that such losses were reasonably foreseeable. He also argues that the higher amount of $29,783.03 not only overstates his involvement but attributes additional losses to him and not to the co-defendants involved in the scheme who were more culpable and involved as participants. He notes that the co-defendants had direct contact with Egyptian hackers, recruited other individuals to participate, were involved in planning, and committed offenses across state lines. In contrast, the Defendant asserts that he participated in the scheme for a loss amount of $14,201.38 on two dates and that his participation was limited to Northwest Indiana.

The Government agrees with the Defendant's objection. The Government recognizes that the Defendant's provable loss figure in Indiana is $29,783.03, which corresponds to a four-level enhancement under § 2B1.1(b)(1)(C). However, the Government believes that the four-level enhancement overstates the Defendant's involvement in the scheme as a whole, and the Government agreed to a two-level enhancement under § 2B1.1(b)(1)(B), which holds the Defendant responsible for the same loss figure as his four co-defendants in the scheme. The plea agreement recommends a two-level enhancement under § 2B1.1(b)(1)(B) based on the loss amount of $14,201.38.

Because of the Defendant's limited participation in the scheme in comparison with his co-defendants, the Court holds the Defendant accountable for the same loss figure of $14,201.38 as his codefendants such that the two-level enhancement under § 2B1.1(b)(1)(B) is applicable to the Defendant. Accordingly, the Court SUSTAINS the Defendant's objection to Paragraph 30 of the PSR. The two-level enhancement under § 2B1.1(b)(1)(B) shall apply rather than the four-level enhancement under § 2B1.1(b)(1)(C).

**B.**     **U.S. Sentencing Guidelines § 2B1.1(b)(10)(B)**

Paragraph 31 of the PSR contains an adjustment under United States Sentencing Guidelines § 2B1.1(b)(10)(B) based on a substantial part of the fraudulent scheme being committed outside of the United States. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(B) (U.S. Sentencing Comm'n 2018). The Defendant objects, arguing that, in contrast with his co-defendants, there is no evidence that he made any contact with individuals outside the United States and noting that his co-defendants' plea agreements include statements that they worked with hackers in Egypt to accomplish the scheme. However, the Defendant's plea agreement provides that he agreed to the enhancement under § 2B1.1(b)(10) "because a substantial part of my fraudulent scheme was committed outside the United States and I intentionally engaged in sophisticated means in carrying out the offense." Plea Agreement ¶ 7(d)(ii)(C), ECF No. 100. The Defendant has not offered a basis for disputing that "a substantial part of a fraudulent scheme was committed from outside the United States" or that "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(B), (C) (U.S. Sentencing Comm'n 2018). Therefore, the Court overrules the objection.

**CONCLUSION**

For the reasons stated above, the Defendant's Objection to the Presentence Investigation Report [ECF No. 171] is SUSTAINED as to paragraph 30 of the PSR and OVERRULED as to paragraph 31 of the PSR.

SO ORDERED on January 19, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT